MATTER OF M——

## In DEPORTATION Proceedings

### A–8478783

*Decided by Board February 12, 1959*

**Deportability—Section 241(a)(4) of 1952 act—Sentence to confinement—Commitment to State institution under New Jersey Sex Offenders Act.**

Commitment to State hospital under New Jersey Sex Offenders Act (N.J.S.A. 2A:164–6), is not a sentence to confinement in a prison or corrective institution within the meaning of the first part of section 241(a)(4) of the 1952 act. (*Holzapfel* v. *Wyrsch*, 259 F.2d 890).

CHARGE:

> Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of crime involving moral turpitude within five years after entry and sentenced to confinement or confined for a year or more—carnal abuse and impairing morals.

### BEFORE THE BOARD

**Discussion:** This case is before us by certification. The special inquiry officer has ordered the respondent's deportation upon the ground stated above. The proceedings will be terminated.

Respondent, a 37-year-old single male, a native and national of Canada, was admitted to the United States for permanent residence. He last entered the United States on May 9, 1953. On March 29, 1957, he was convicted in the County Court at New Brunswick, New Jersey, of the crime of carnal abuse, and the crime of impairing morals of a minor. On June 7, 1957, he was ordered confined in the State Hospital at Marlboro, New Jersey, under the New Jersey Sex Offenders Act which does not permit the court to specify a minimum period of detention. He was committed to the hospital on June 7, 1957, and as of the date of the hearing on September 10, 1958, was still an inmate of the hospital.

Respondent's deportation is sought under the first part of section 241(a)(4) of the Immigration and Nationality Act of 1952 (8 U.S.C. 1251(a)(4)) which makes deportable an alien who—

[Part I] is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or [Part II] who at

any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial. (Matter in brackets added.)

We shall confine ourselves solely to the issue as to whether respondent's conviction and detention make him one who has been "confined * * * in a prison or corrective institution, for a year or more." These phrases, viewed in the light of their history, were meant to state simply that the alien described in Part I was deportable if sentenced to confinement for a year or more, *whether or not the sentence was suspended (Matter of O——, 7 I. & N. Dec. 539; Matter of J——, 6 I. & N. Dec. 562, 568)*. The question is, therefore, whether respondent has been sentenced to confinement for a year or more. *Holzapfel* v. *Wyrsch*, 259 F.2d 890, C.A. 3, October 9, 1958, decided after the date of the special inquiry officer's order, answers the question in the negative. Holzapfel, an alien, last entered the United States in 1953. In 1957, he was convicted of a sex offense in a county court in the State of New Jersey. He was ordered confined to a reformatory under the New Jersey Sex Offenders Act.[1] Sentence was suspended and the defendant was placed in custody of a probation officer for a period of three years. One of the conditions of probation was that the defendant was to take psychiatric treatment. Holzapfel's deportation was ordered by administrative authorities under the same portion of the immigration laws on which respondent's deportation is sought. The court reviewing the order of deportation pointed out that the case of a sex offender could be handled either by the imposition of a "sentence" under N.J.S.A. 2A:164-9 [2] or as was Holzapfel's case, by a "disposition" under N.J.S.A. 2A:164-6,[3] for the rehabilitation and cure of persons requir-

[1] N.J.S.A. 2A: 164-3 *et seq.*

[2] *2A:164-9. Sentence imposed, when.*

If it shall appear from the report of such examination made of such person that the offender's conduct was not characterized by a pattern of repetitive, compulsive behavior and neither violence nor age disparity was indicated, as provided for in section 2A:164-5 of this title, the court shall impose sentence on such person in the manner provided by law.

[3] *2A:164-6. Disposition of sex offenders upon request and recommendation of diagnostic center.*

The disposition to be made by the court of such person, upon written report and recommendation of the diagnostic center, shall include 1 or more of the following measures:

a. The court may place such person on probation with the requirement, as a condition of said probation, that he receive out-patient psychiatric treatment in the manner to be prescribed in each individual case.

b. Such person may be committed to an institution to be designated by the commissioner of institutions and agencies for treatment, and upon release shall be subject to parole supervision.

In the event that the court shall order a commitment of the person as provided in this section, such order of commitment shall not specify a minimum period of detention, but in no event shall the person be confined or subject to parole supervision for a period of time greater than that provided by law for the crime of which such person was convicted.

ing medical treatment. The court concluded that Holzapfel had not been sentenced to confinement for a year or more.

Respondent was not sentenced under N.J.S.A. 2A:164-9. Like Holzapfel's, his case was disposed of under N.J.S.A. 2A:164-6, so that he could be given medical treatment.[4] Congress makes no distinction between a suspended sentence and one which has not been suspended. Since the disposition in *Holzapfel* did not constitute a "sentence," the disposition here is not a "sentence." On the authority of *Holzapfel*, we must hold that respondent has not been sentenced to confinement in a prison or corrective institution for a year or more. Proceedings will be terminated.

**Order:** It is ordered that the proceedings be and the same are hereby terminated.

---

[4] Holzapfel was sentenced under paragraph (a) of N.J.S.A. 2A:164-6 and respondent was sentenced under paragraph (b). However, we can see no reason for drawing a distinction between the two for the purposes of the immigration laws.